**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ADWALLS MEDIA, LLC, <br><br> Plaintiff, <br><br> v. <br><br> ADWALLS, LLC. JOHN W. ROWE, JEFFREY D. ZIMMERMAN, AND JOHN DOES No. 1-5, <br><br> Defendants. | Civil Action No. 2:12-cv-01486 (DMC) (JAD) <br><br> **REPORT AND RECOMMENDATION** |

JOSEPH A. DICKSON, U.S.M.J.

This matter comes before the Court upon motion by defendants Adwalls, LLC, John W. Rowe, Jeffrey D. Zimmerman (collectively, "Defendants") for attorneys' fees and costs (the "Motion"). The Motion was referred to this Court for a Report and Recommendation. Pursuant to Rule 78 of the Federal Rules of Civil Procedure, no oral argument was heard. Upon consideration of the parties' submissions, and for the reasons stated below, it is the recommendation of this Court that Defendants' Motion be **DENIED**.

I. **BACKGROUND.**

Plaintiff Adwalls Media, LLC ("Plaintiff") filed this action based upon alleged breaches of a written purchase agreement that had been executed among Plaintiff and Defendants (the "Purchase Agreement"). (Br. Supp. Motion Att'ys Fees 1, ECF No. 14-1). The Purchase Agreement contains a forum-selection clause that expressly provides that "any dispute . . . resulting in litigation shall be subject to the exclusive jurisdiction of the Hawaii federal or state courts." (Decl. of Michael A. Rowe, Esq. ("Rowe Decl.") Ex. A ¶ 12.9, ECF No. 14-2).

1

Based on this forum selection clause, on April 25, 2012, Defendants filed a motion to dismiss the action pursuant to Fed. R. Civ. P. 12(b)(3) and/or Fed. R. Civ. P. 12(b)(2) or, in the alternative, to transfer this action to the United States District Court for the District of Hawaii pursuant to 28 U.S.C. § 1404(a). (Motion to Dismiss, ECF No. 8). Plaintiff did not file an opposition to the motion to dismiss and/or transfer. Rather, on May 30, 2012, Plaintiff filed a Notice of Voluntary Dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) (the "Notice of Voluntary Dismissal"). (Notice of Voluntary Dismissal, ECF No. 12). The Court terminated the case on May 31, 2012, and the Notice of Voluntary Dismissal was so ordered by the Court on June 11, 2012.

On June 18, 2012, Defendants filed the instant Motion, seeking attorneys fees and costs incurred in connection with their motion to dismiss and/or transfer. Defendants argued that they are entitled to these sums because the Purchase Agreement provides that either party shall recover the attorneys' fees and costs incurred in moving to enforce any terms of the Purchase Agreement:

> **12.10 Attorneys Fees.** If any action at law or equity is necessary to enforce or interpret the terms of this Agreement, the prevailing party shall be entitled to reasonable attorneys' fees, costs and necessary disbursements in addition any other relief that may be proper.

(Rowe Decl. Ex. A ¶ 12.10, ECF No. 14-2).

Plaintiff did not substantively oppose Defendants' motion for attorneys' fees, but argued that the Court should not consider the Motion because it was filed three weeks after Plaintiff's Notice of Voluntary Dismissal terminated the action and the case was closed by the Court. (6/28/12 Letter, ECF No. 15). Defendants disagreed that the Motion is untimely and urged this Court to treat the Motion as unopposed. (7/9/2012 Letter, ECF No. 17).

2

II.     ANALYSIS.

Fed. R. Civ. P. 41(a)(1)(A)(i) provides that a plaintiff may voluntarily dismiss an action "without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." A filing under Rule 41(a)(1)(A)(i) is a notice, not a motion. In re Bath and Kitchen Fixtures Antitrust Litig., 535 F.3d 161, 166 (3d Cir.2008); see also Alboyacian v. BP Products N. Am., Inc., CIV. 9-5143, 2012 WL 3862549, *1, *2 (D.N.J. Sept. 5, 2012). Its effect is automatic: the defendant does not file a response and no order of the district court is needed to end the action. Id.

Defendants argued that the Court possesses the authority to consider the Motion because "courts routinely award attorneys' fees and costs when a plaintiff dismisses a suit pursuant to Fed. R. Civ. P. 41," and further contended that Plaintiff's conduct in "ignoring the clear and unequivocal forum selection cause" forced Defendants to unnecessarily incur expenses associated with moving to dismiss and/or transfer the case. (Br. Supp. Motion Att'ys Fees 1, ECF No. 14-1). But Rule 41 "affixes a bright-line test to limit the right of dismissal to the early stages of litigation," Manze v. State Farm Ins. Co., 817 F.2d 1062, 1065 (3d Cir. 1987), which "simplifies the court's task by telling it whether a suit has reached the point of no return. If the defendant has served either an answer or a summary judgment motion it has; if the defendant has served neither, it has not." In re Bath and Kitchen Fixtures Antitrust Litig., 535 F.3d at 166 (citing Manze, 817 F.2d at 1065 (citations omitted)); see also Alboyacian, 2012 WL 3862549, at *2. Up to the "point of no return," dismissal is automatic and immediate – the right of a plaintiff is "unfettered." Id. (quoting Carter v. United States, 547 F.2d 258, 259 (5th Cir.1977)). A timely notice of voluntary dismissal invites no response from the district court and permits no interference by it. Id. (citations omitted).

Indeed, a proper notice deprives the district court of jurisdiction to decide the merits of the case. Id. (citations omitted). The only question the Court should ask is whether Plaintiff "has served either an answer or a summary judgment motion." Manze, 817 F.2d at 1065 (quotation omitted). Here, Defendants did neither prior to Plaintiff's filing of the Notice of Voluntary Dismissal. Thus, the Court may not consider the Motion.[1]

The Court recognizes that a district court retains jurisdiction to decide "collateral" issues – such as Rule 11 sanctions, costs and attorneys' fees – after a plaintiff dismisses an action by notice. In re Bath and Kitchen Fixtures Antitrust Litig., 535 F.3d at 166 n. 8 (citing Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 395-96 (1990)). However, the Court in Cooter & Gell was careful to note that the imposition of sanctions, costs and/or attorneys' fees after a voluntary dismissal is only appropriate if it does not require the court to assess the legal merits of a matter. Id. at 396 ("Because a Rule 11 sanction does not signify a district court's assessment of the legal merits of the complaint, the imposition of such a sanction after a voluntary dismissal does not deprive the plaintiff of his right under Rule 41(a)(1) to dismiss an action without prejudice."). For example, the Court explained that the "imposition of a Rule 11 sanction is not a judgment on the merits of an action. Rather, it requires the determination of a collateral issue: whether the

---

[1] Plaintiff did, however, file a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(3) and/or Fed. R. Civ. P. 12(b)(2) or, in the alternative, to transfer this action to the United States District Court for the District of Hawaii pursuant to 28 U.S.C. § 1404(a). Such a motion does not cut off a plaintiff's right to dismiss by notice. See Resolution Management Consultants, Inc. v. Hickey, Civ. A. No. 10-6243 (RMB), 2011 WL 2609854, *1, *3 (D. N.J. June 29, 2011) ("Here, Defendants filed a motion to dismiss under Rules 12(b)(2) and (3) and, in the alternative, a motion to transfer venue under 28 U.S.C. § 1404(a). This is not an answer or a motion for summary judgment, and the Court never converted it into such. Thus, Defendants' motion to dismiss did not terminate Plaintiffs' right to dismiss by notice."). Courts in this District rejected the argument that a motion to dismiss pursuant to Fed. R. Civ. P 12(b)(6) is the "equivalent" of a motion for summary judgment. In re Bath and Kitchen Fixtures Antitrust Litig., 535 F.3d at 166. Only when a motion filed under Rule 12(b)(6) is converted by the district court into a motion for summary judgment does it bar voluntary dismissal. Id. (citing Manze, 817 F.2d at 1065; see also Alboyacian, 2012 WL 3862549, at *2. Here, Defendants did not contend that their motion was converted to a motion for summary judgment, nor did they argue that this Court should treat the motion as an answer. Accordingly, Plaintiff's notice of dismissal was proper and automatically terminated this case.

attorney has abused the judicial process, and, if so, what sanction would be appropriate. Such a determination may be made after the principal suit has been terminated." Id.

Unlike the motion for Rule 11 sanctions considered in Cooter & Gell, the basis provided by Defendants herein in support of their Motion is the language of the Purchase Agreement itself. In order to award attorneys' fees and/or costs to Defendants, the Court would be required to substantively consider Defendants' entitlement to such sums under the terms of the Purchase Agreement. This would require the Court to delve into the substance of the matter, as opposed to analyze a separate and "collateral" issue that is unrelated to the merits of the case. The Court is not permitted to do so. See Sokoloff v. Gen. Nutrition Companies, Inc., CIV. A. 00-641 (JBS), 2001 WL 536072, *1, *7 (D.N.J. May 21, 2001) ("Under New Jersey law, a claim for attorneys' fees pursuant to a contractual agreement is an element of damages that must be pleaded and proved at trial.") (citations omitted); see also Alboyacian, 2012 WL 3862549, at *2.

Finally, with respect to Defendants argument they incurred costs in preparing their motion to dismiss and/or transfer in this matter, only to possibly be faced with the same suit if re-filed by Plaintiff in the correct jurisdiction, the Court notes that the Federal Rules of Civil Procedure provide a remedy to those defendants who have "twice been called upon to defend the same suit." Anders v. FPA Corp., CIV. 93-2830, 1995 WL 785109 (D.N.J. Apr. 24, 1995). Fed. R. Civ. P. 41(d) provides:

> If a plaintiff who has once dismissed an action in any court commences an action based upon or including the same claim against the same defendant, the court may make such order for the payment of costs of the action previously dismissed as it may deem proper and may stay the proceedings in the action until the plaintiff has complied with the order.

Thus, this Court finds that Plaintiff's Notice of Voluntary Dismissal was timely and, upon filing, the action was no longer pending in the District Court and no further proceedings in the action would be proper.

### III.   CONCLUSION.

It is the recommendation of this Court that Defendants' motion for attorneys' fees and costs be **denied**.

SO ORDERED

Joseph A. Dickson, U.S.M.J.

cc.   Honorable Dennis M. Cavanaugh, U.S.D.J.