NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ADWALLS MEDIA LLC, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> ADWALLS, LLC. JOHN W. ROWE, : <br> JEFFREY D. ZIMMER, AND JOHN : <br> DOES No. 1-5, : <br> : <br> Defendants. : <br> : | **Hon. Dennis M. Cavanaugh** <br><br> **ORDER** <br><br> Civil Action No. 2:12-cv-01486 (DMC)(JAD) |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon a motion by Defendants Adwalls, LLC, John. W. Rowe, and Jeffrey D. Zimmerman's (collectively "Defendants") for attorneys' fees and costs (the "Motion"). (Defs.' Mot. for Attn'ys Fees Br., Jun. 18, 2012, ECF No. 14). On January 8, 2013, U.S. Magistrate Judge Joseph A. Dickson filed a Report and Recommendation, recommending that Defendants' Motion be denied. (Report and Rec., Jan. 8, 2013, ECF No. 19). The parties were given notice that, pursuant to L.CIV. R. 72.1, they had fourteen (14) days from receipt of the Report and Recommendation to file and serve any objections. Objections were due by January 22, 2013. No objections were filed. For reasons discussed herein, this Court adopts the Report and Recommendation of Judge Dickson.

Plaintiff Adwalls Media, LLC ("Plaintiff") filed this action based upon alleged breaches of a written purchase agreement executed between Plaintiff and Defendants (the "Purchase

Agreement"). (Defs.' Mot. Att'ys Fee Br. 1). Based on the forum selection clause contained in the Purchase Agreement, Defendants filed a Motion to Dismiss pursuant to FED. R. CIV. P. 12(b)(3) and/or FED. R. CIV. P. 12(b)(2), or in the alternative to transfer this action to the United States District Court for the District of Hawaii pursuant to 28 U.S.C. § 1404(a). (Defs.' Mot. to Dismiss, Apr. 25, 2012, ECF No. 8). On May 30, 2012, Plaintiff filed a Notice of Voluntary Dismissal pursuant to FED. R. CIV. P. 41(a)(1)(A)(i). (Notice of Vol. Dismissal, May 30, 2012, ECF No. 12). Defendants then filed the instant Motion, seeking attorneys fees and costs incurred in connection with their motion to dismiss and/or transfer. Defendants argue they are entitled to these sums because the Purchase Agreement provides that either party shall recover the attorney's fees and costs incurred in moving to enforce any terms of the Purchase Agreement. (Defs.' Mot. for Attn'ys Fees 3). The Motion was filed three (3) weeks after the Notice of Voluntary Dismissal.

     Judge Dickson noted that "a timely notice of voluntary dismissal invites no response from the district court and permits no interference by it." (Report and Rec. 3) (citing In re Bath and Kitchen Fixtures Antitrust Litigation, 535 F.3d 161, 165-66 (3d Cir. 2008)). Defendants filed neither an answer nor a motion for summary judgment prior to Plaintiff's filing of a Notice of Voluntary Dismissal. The Court recognizes its ability to retain jurisdiction subsequent to Plaintiff's dismissal on collateral issues. However, the imposition of sanctions, costs, and attorneys' fees after a voluntary dismissal is appropriate only where it does not require the court's assessment of the legal merits of the matter. See Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 396 (1990)). The Court agrees with Judge Dickson's assessment that, in order to award attorneys' fees and costs to Defendants, this Court would have to substantively consider the

terms of the Purchase Agreement and Defendants' entitlement to fees contained therein.

Accordingly, based on the reasoning expressed in Judge Dickson's Report and Recommendation;

IT IS on this   29th   day of January, 2013,

**ORDERED** that the Report and Recommendation of U.S. Magistrate Judge Joseph Dickson (ECF No. 19) is hereby **adopted** as the Opinion of the Court, and it is further;

**ORDERED** Defendants' motion for attorneys' fees and costs (ECF No. 14) is **denied.**

　　　　　　　　　　　　　　　　　　　　 S/ Dennis M. Cavanaugh
　　　　　　　　　　　　　　　　　　　　Dennis M. Cavanaugh, U.S.D.J.

cc:　　All Counsel of Record
　　　　Hon. Joseph A. Dickson, U.S.M.J.
　　　　File

3